United States District Court
Southern District of Texas
**ENTERED**
July 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERSCHEL SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03572 |
| | § | |
| TED HEAP | § | |
| and | § | |
| JOHN DOES 1-4 | § | |
| and | § | |
| HARRIS COUNTY, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

### I.

Before the Court is the defendants', Ted Heap, in his official capacity (Heap) and Harris County (the County), motion to dismiss [DE 12], the plaintiff's, Herschel Smith, response, and the defendants' reply. After a review of the documents, the attachments, and the plaintiff's amended original petition, the Court determines that the motion should be GRANTED IN PART and DENIED IN PART.

### II.

The factual allegations underlying this case are set forth in the Court's prior order [DE 29]. The Court will not repeat them here but will summarize the plaintiff's legal claims. The plaintiff asserts numerous causes of action under 42 U.S.C. § 1983 against Heap and John Does 1–4 (Does), all of whom he alleges were, at all relevant times, agents of Harris County Constable Precinct 5 and acting under color of state law. The plaintiff contends that in executing a traffic stop on him, an off-duty constable, the Does subjected the plaintiff to excessive force and an unreasonable search and seizure. The plaintiff further contends that Heap is liable under Section

1983 for improper training and supervision of Does, his subordinates. According to the plaintiff, the County is also liable for creating and approving policies and procedures that resulted in the alleged constitutional rights violations. The plaintiff also asserts state law intentional tort claims against the defendants.

### III.

The defendants move to dismiss all the plaintiff's claims pursuant to the Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). The County argues that it should be dismissed from this suit because it was not timely served. Similarly, the County asserts that this Court lacks personal jurisdiction over Does, the unnamed deputies, who have not yet been served. Additionally, the defendants argue that the plaintiff's civil rights claims fail because (i) Heap is not a policymaker for the County and (ii) the plaintiff has identified no official policy, practice or custom that was the moving force or direct cause of his alleged injury. Further, the defendants assert that plaintiff's state law tort claims, as a matter of law, are barred by governmental immunity under the Texas Tort Claims Act.

The plaintiff responds that its failure to timely serve the defendants was for good cause—*i.e.*, its continuing efforts to identify the Does through Texas law Open Records requests. Further, the plaintiff contends that (i) it served the First Amended Complaint on the County and (ii) the County had timely constructive notice of the original complaint through Heap, who, during the service period under Fed. R. Civ. P. 4(m), moved to dismiss the plaintiff's claims against him individually. The plaintiff requests an extension of time to identify and serve the Does.

The plaintiff also asserts that he sufficiently pled his Section 1983 claims. The plaintiff contends that his claims stem from the County's policy or custom of improperly training or supervising deputy constables, and that such failure to train and supervise caused the alleged

2

civil rights violations. The plaintiff adds that precedential state and federal cases hold that constables are final policyholders who can bind the County. Further, the plaintiff argues that, despite previous incidents of excessive force on off-duty constables, the defendants acted with deliberate indifference.

### IV.

**A.  Standard Under Rule 12(b)(6)**

Federal Rule of Civil Procedure ("FRCP"), Rule 8(a)(2) ("Rule"), requires only a short and plain statement of the claim(s) showing that the claimant is entitled to relief. *Bell Atl Corp. v. Twombly*, 550 U.S. 544 (2007). Under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 509 (5th Cir. 2004)). To this end, the factual allegations contained in a plaintiff's complaint are to be taken as true. *Doe*, 528 F.3d at 418. Hence, dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

**B.  Standard Under Rule 12(b)(5)**

Rule 12(b)(5) authorizes the court to dismiss a case for "insufficient service of process." FED. R. CIV. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.), *cert. denied*, 513 U.S. 1016, 115 S. Ct. 577, 130 L.Ed.2d 492 (1994). "[T]o achieve proper service for purposes of Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 748–749 (W.D. La. 2000). Rule 4(m) provides that if service is not perfected on a defendant within 90 days after the filing of the complaint and there is no showing of good cause for the failure to effect such service, a court is required to either dismiss the action without prejudice or order that service be made within a precise time.  *See* FED. R. CIV. P. 4(m).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (internal citations omitted). "[T]he claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* "[A] district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

## V.

The Court first addresses the defendants' motion for dismissal for insufficient service of process. The Court is of the opinion that the plaintiff should have the opportunity to determine, through discovery, the identities of the Does. *Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993). The defendants' motion to dismiss the Does is, therefore, denied.

The Court determines that the County should be dismissed on separate grounds. Municipal liability under Section 1983 requires the plaintiff to identify a municipal policymaker who promulgated an official policy that was a "moving force" behind the violation of a constitutional right. *Piotrowski v City of Houston,* 237 F3d 567, 578 (5th Cir. 2001). Under Fifth Circuit precedent, county constables cannot be policymakers for the county in which they serve, so a county cannot be held liable for a constable's conduct. *Bowden v. Jefferson Cnty.*, 676 F. App'x 251, 254–55 (5th Cir. 2017) (unpublished) (citing cases). Additionally, the Texas Tort Claims Act bars the plaintiff's state law intentional tort claims against the County. *Franka v. Velasquez*, 332 S.W.3d 367, 376 (Tex. 2011). The County is, therefore, dismissed from the plaintiff's suit.

What remain are the plaintiff's claims against Heap and the Does as "agents of Harris County Constable Precinct 5 [while] acting under color of state law." The Court is of the opinion

4

that the plaintiff's allegations against the remaining defendants raise his right to relief above a speculative level. Discovery is necessary to determine whether, and to what extent, Heap and the Does engaged in illegal conduct in their official capacities as agents of the constable's office. It is, therefore, ordered that, except as otherwise stated herein, the defendants' motion to dismiss is hereby DENIED.

It is so ORDERED.

SIGNED on this 19th day of July, 2021.

Kenneth M. Hoyt
United States District Judge